IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| ISRAEL ALEXANDER LOPEZ POLANCO        * | |
| * | |
| Plaintiff, | |
| * | |
| v. | Case No. 8:24-cv-3086-AAQ |
| * | |
| KAY LINK CORP, ET AL., | |
| * | |
| Defendants | |
| * | |

**MEMORANDUM OPINION**

This is a dispute over unpaid overtime wages and alleged retaliation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and Maryland state law. Pending before the Court is a Joint Motion and Memorandum for Approval of Settlement of said dispute between the parties pursuant to 29 U.S.C. § 216. ECF No. 35. For the reasons discussed below, the Joint Motion shall be GRANTED.

**BACKGROUND**

Kay Link Corporation (hereinafter "Kay Link") employed Plaintiff Israel Alexander Lopez Polanco as a retail associate from sometime in January 2023 until September 13, 2024. ECF No. 1, at ¶ 1. Kay Link is an "Enterprise Engaged in Commerce" within the meaning of 29 U.S.C. § 203(s)(1). *Id*. at ¶ 3. Defendant Amin Ali Ismail owned and managed Kay Link. *Id.* at ¶ 4.

According to Plaintiff's Complaint, Defendants did not pay Plaintiff for some of the hours he worked, thus failing to pay him a minimum wage for those hours, and failed to pay him an overtime premium for the overtime hours he worked. *Id*. at ¶ 4. Plaintiff estimates that he worked

45 hours per week from when he started until May 31, 2023. *Id.* at ¶ 10. Despite Defendants' knowledge that he was working more than 40 hours per week, they paid Plaintiff his regular wage for the hours worked. *Id.* at ¶ 11. From approximately June 1, 2023 until the end of his employment, Defendants paid Plaintiff approximately $10 per hour, although the minimum wage in Maryland was $13.25 per hour in 2023 and $15 per hour in 2024. *Id.* at ¶ 13.

Defendants, for their part, deny all liability. ECF No. 35, at 3. Specifically, they assert that Plaintiff worked as an intern, and thus is not subject to the protections on which he relies. *Id.* at 4. Additionally, they deny that he worked the hours that he claims he did. *Id.*

After Plaintiff filed the case, the parties exchanged documents and ultimately agreed to settle all of Plaintiff's claims for $26,839.51, comprised of: $14,839.51 in unpaid wages and liquidated damages, and $12,000 in attorneys' fees and costs. *Id.* at 2. After reaching this agreement, the parties filed the pending Joint Motion for Settlement on June 30, 2025. *Id.* On July 14, 2025, the case was referred to my Chambers for all further proceedings. ECF No. 39.

**STANDARD OF REVIEW**

When evaluating settlement agreements for approval under the FLSA, courts should approve settlements that "reflect[] a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Saman v. LBDP, Inc.*, No. DKC 12-1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

In making such a determination, typically, district courts in the Fourth Circuit "employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*." *Id.* at *3 (citing *Hoffman v. First Student, Inc.*, No. WDQ-06-1882, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010); *Lopez v. NTI, LLC*, 748 F.Supp.2d 471, 478 (D. Md. Sept. 16, 2010)). These considerations include

ensuring there is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions" by evaluating the following: (1) whether there are FLSA issues actually in dispute; (2) whether the settlement is fair and reasonable in light of the relevant factors; and (3) whether the attorneys' fees, if included in the agreement, are reasonable.  *Id.* (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1355; *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009); *Lane v. Ko-Me, LLC*, No. DKC-10-2261, 2011 WL 3880427, at *2-3 (D. Md. Aug. 31, 2011)).  Evaluation of the aforementioned, with discussion of the relevant facts, follows below.

## DISCUSSION

The parties have asked the Court to approve their proposed Settlement Agreement and dismiss this case.  The Court finds that approval is proper as the Settlement Agreement reflects a fair and reasonable resolution of a *bona fide* dispute between the parties and includes a reasonable award of attorneys' fees.

**A. There is a *Bona Fide* Dispute Between the Parties.**

To determine whether a *bona fide* dispute exists as to a defendant's liability under the FLSA, the Court should "examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *Duprey v. Scotts Co. LLC*, 30 F.Supp.3d 404, 408 (D. Md. May 23, 2014) (citing *Lomascolo*, 2009 WL 3094955, at *16-17).  Disagreement over an employee's classification constitutes a *bona fide* dispute for FLSA claims.  *See Smith v. David's Loft Clinical Programs, Inc.*, No. 21-cv-03241-LKG, 2022 WL 16553228, at *4 (D. Md. Oct. 31, 2022) (finding a *bona fide* dispute where plaintiffs alleged that they were misclassified as exempt employees under the FLSA and defendants said they relied on legal advice in making their classification).  Disagreements over rates of pay and hours worked can constitute *bona fide*

3

disputes over a defendant's liability. *See Duprey*, 30 F.Supp.3d at 408 (finding a *bona fide* dispute where "parties disagree[d] about Duprey's rate of pay and hours worked").

In their Joint Motion, the parties highlight the FLSA issues that create a *bona fide* dispute. The parties dispute whether Plaintiff was an intern or an employee for the purposes of the FLSA. ECF No. 35, at 4. The parties also dispute the number of hours Plaintiff worked, impacting the calculation of damages available if liability is found. *Id*. This Court has found both of these issues to constitute *bona fide* disputes. Accordingly, the Court finds that a *bona fide* dispute exists between the parties under the FLSA.

### B. The Settlement Agreement is Fair and Reasonable.

Next, the Court considers whether a settlement agreement is fair and reasonable. In assessing whether a settlement is fair and reasonable, the Court should evaluate the following six factors: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [ ] counsel . . . ; and (6) the probability of plaintiffs' success on the merits and the amount of settlement in relation to the potential recovery." *Saman*, 2013 WL 2949047, at *3 (quoting *Lomascolo*, 2009 WL 3094955, at *10).

The first factor asks courts to consider the extent to which discovery has taken place. When looking at this factor, courts assess whether the parties have "had adequate time to conduct sufficient discovery to 'fairly evaluate the liability and financial aspects of [the] case.'" *Lomascolo*, 2009 WL 3094955, at *11 (citing *In re A.H. Robins Co., Inc.*, 88 B.R. 755, 760 (E.D. Va. July 26, 1988)). While the parties in this case did not conduct formal discovery, "[b]y avoiding formal discovery, resources that otherwise would have been consumed by the litigation [can be]

4

made available for settlement, and the risk and uncertainties for both parties [can be] reduced." *Duprey*, 30 F.Supp.3d at 409.  Here, the parties exchanged information to facilitate settlement discussions, including payment records and transaction reports.  ECF No. 35, at 5.  Given the value of Plaintiff's claims and the resources that would be required to litigate the case, the parties decided that settlement was in their respective best interests.  *Id*.  As such, this factor weighs in favor of finding that this Settlement is fair.

The second factor looks to the current stage of the proceedings.  Settlements can be found to be fair where proceeding further would be difficult and costly and the parties would prefer to end proceedings before making significant investments in litigation.  Here, the parties aver that the Settlement resolves the matter and prevents the parties from incurring significant expenses by avoiding the need to "conduct depositions, provide formal written responses to discovery, and engage in further fact gathering to litigate the factual issues in dispute." *Id*.  See *Black v. Reviera Enters., Inc.*, No. DLB-19-201, 2020 WL 6544820, at *2 (D. Md. Nov. 6, 2020) (holding settlement agreement was fair and reasonable where parties recognized remaining discovery would require significant investment of time, effort, and financial resources); *Saman*, 2013 WL 2949047, at *4 (finding that the parties' representation that they wished "to avoid the costs of formal discovery, dispositive motions, and a possible trial" bolstered the decision to "engage in informed arms-length settlement negotiations with the understanding that it would be a difficult and costly undertaking to proceed.").  Given the parties' joint preference to terminate proceedings early rather than invest time and money in litigation, this factor weighs in favor of finding this Settlement Agreement to be fair.

The third factor assesses whether there has been fraud or collusion in the formation of the settlement.  There are no facts presented that suggest either, allowing the "presumption that no

fraud or collusion occurred between counsel, in the absence of any evidence to the contrary." *Lomascolo*, 2009 WL 3094955, at *12. Here, counsel attests that the parties reached this Settlement while represented by counsel and only after the exchange of multiple offers and counter-offers. ECF 35, at 5. While "counsel's opinion and recommendation as to the fairness and reasonableness of a settlement is not to be blindly followed," *Saman*, 2013 WL 2949047, at *5 (citing *Lomascolo*, 2009 WL 3094955, at *12), their representations weigh in favor of approving the Settlement.

Under the fourth factor, courts look to the experience of counsel. Generally, where counsel is well-versed in the underlying law, courts presume that clients have been appropriately advised on the merits and challenges associated with settlement. *See Hackett v. ADF Rest. Invs.*, 259 F.Supp.3d 360, 366 (D. Md. Dec. 19, 2016) (finding a fair and reasonable settlement where counsel had litigated numerous lawsuits involving wage and hour violations). The parties are represented by counsel who have several years of experience, including in FLSA cases. *See* ECF No. 35, at 6 ("the attorneys representing Plaintiff[] (Omar Vincent Melehy and Suvita Melehy) have over 55 cumulative years of experience practicing law, and each of the Defendants was similarly represented by experienced and capable counsel."). Accordingly, the Court is satisfied that Plaintiff's counsel is sufficiently experienced in litigating similar matters.

The fifth factor incorporates the opinions of counsel. Counsel's opinion that the expense and potential duration of litigation weighs in favor of early settlement lends credence to a proposed settlement agreement. *Castro v. Early Learning Language Acads., LLC*, No. CBD-18-2421, 2021 WL 915106, at *4 (D. Md. Mar. 9, 2021). In their Joint Statement, the parties agree that the Settlement is fair and reasonable and endorse the underlying Agreement. ECF No. 35, at 6. This weighs in favor of approving the Settlement.

Applying the sixth factor, courts weigh the probability of a plaintiff's success and the relationship between the amount of the settlement and the potential recovery. The Settlement provides Plaintiff the maximum recovery he would receive were he to prevail at trial. ECF No. 35, at 12. Accordingly, the relationship between potential and actual recovery weighs in favor of approving the Settlement.

This Settlement does include a general release of claims by the Plaintiff that exceed those specified in the Complaint. ECF No. 35-1, at 3. Such a release can render a settlement agreement unreasonable. *Duprey*, 30 F.Supp.3d at 410 (referencing *Moreno v. Regions Bank*, 729 F.Supp.2d 1346, 1352 (M.D. Fla. Aug. 6, 2010)); *Saman*, 2013 WL 2949047, at *5. However, so long as the "employee is compensated reasonably for the release executed, the settlement can be accepted" and the Court does not need to consider the "reasonableness of the settlement as to the non-FLSA claims." *Duprey*, 30 F.Supp.3d at 410. *See Gue*, 2021 WL 2414866, at *1 (finding settlement reasonable despite presence of general release); *Lee*, 2021 WL 1117274, at *1 (same). As noted above, given the fact that Defendants have agreed to pay Plaintiff the maximum amount he would recover at trial, the inclusion of such a provision does not render the Agreement unreasonable.

Upon consideration of these factors, the Court finds the Settlement to be fair and reasonable.

**C. The Settlement Agreement Awards Reasonable Attorneys' Fees.**

The Settlement Agreement must also contain reasonable provisions for allocating attorneys' fees. *Duprey*, 30 F.Supp.3d at 411. Here, the parties have decided upon an allocation of $12,000 in attorneys' fees and costs. ECF No. 35-1, at 1.

"Ultimately, of course, any award of attorneys' fees to Plaintiff will turn on application of the traditional lodestar methodology factors." *Saman*, 2013 WL 2949047, at *6. The lodestar

approach "multiplies 'the number of hours reasonable expended . . . by a reasonable hourly rate' to achieve 'an objective basis on which to make an initial estimate of the value of a lawyer's services.'" *Quevedo v. HBJ, Inc.*, No. PWG-14-734, 2014 WL 3970173, at *5 (D. Md. Aug. 13, 2014) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  Under the lodestar approach, an hourly rate "is reasonable if it is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Duprey*, 30 F.Supp.3d at 412 (quoting *Blum v. Stenson*, 465 U.S. 886, 890 n. 11 (1984)).  In determining the reasonableness of the billing rates and hours worked to be used in a lodestar calculation, the United States Court of Appeals for the Fourth Circuit has directed courts to consider the following factors originally set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) (the "Johnson factors"):

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Saman*, 2013 WL 2949047, at *6 (citing *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir. 1978)).  This Court maintains guidelines regarding appropriate hourly rates in Appendix B to its Local Rules (D. Md. July 2023).

Often, attorneys discount their total award when asking for settlement approval.  *See Majed Tomeh v. Veriphyr, Inc.*, No. 8:21-cv-02914-AAQ, 2022 WL 1422897, at *4 (D. Md. May 5, 2022) (awarding counsel's request of $30,000 to compensate for $45,200 in fees and costs incurred);

8

*Galizia v. Ricos Enters., Inc.*, No. DKC 21-2592, 2022 WL 374511, at *3 (D. Md. Feb. 8, 2022) ("Clearly, the fee requested is a small percentage of the actual fees incurred and is entirely reasonable."); *Nyamira v. Little Kampala Servs., LLC*, No. DKC 17-3379, 2018 WL 5026371, at *4 (D. Md. Oct. 17, 2018) (awarding counsel's request for $1,500 in fees to compensate for over $11,000 in fees and costs incurred). Courts may consider the extent to which a fee request in a FLSA settlement exceeds the amount awarded to a plaintiff. *See Gionfriddo v. Jason Zink, LLC.*, No. RDB-09-1733, 2012 WL 1077765, at *1 (D. Md. Mar. 29, 2012) (finding an award of attorneys' fees unreasonable where the award was several times more than the amounts paid to individual plaintiffs).

After having reviewed Plaintiff's counsel's fee records, ECF No. 35-2, the Court will grant the request for fees. Plaintiff's counsel attest that they have spent 32.6 hours on this case and that such a number is reasonable "given the duration and extent of the settlement negotiations, which spanned six months and involved multiple 'back-and-forth' communications involving settlement discussions." ECF No. 35, at 8-9. Additionally, counsel avers that the actual attorneys' fees and costs they have incurred to date exceeds $13,000, but that they have voluntarily reduced the total attorneys' fees and costs in the interest of settlement. *Id*. Given that approximately thirty-three hours is a reasonable amount of time to complete the activities Plaintiff has identified, and considering the degree of success counsel achieved for Plaintiff, the Court will award counsel their requested fees.

## CONCLUSION

For the reasons stated above, the Joint Motion for Judicial Approval of Settlement will be GRANTED. The parties shall file a Stipulation of Dismissal within seven business days following receipt of all payments under the Agreement.

A separate Order shall follow.

Date:   September 25, 2025                                    _____/s/_____
                                                              Ajmel A. Quereshi
                                                              United States Magistrate Judge